DAVID A. SCOTT AS ASSIGNEE, ETC., OF WILLIAM C. LAWSON, RESPONDENT, *v.* HARRISON MILLS, SHERIFF OF ORANGE COUNTY, APPELLANT.

*General assignment — the assent of the assignee is sufficiently expressed by his execution and acknowledgment of the deed conveying the property to him — 1877, chap. 466, sec. 1.*

By an indenture made between William C. Lawson, party of the first part, and David A. Scott, party of the second part, the said Lawson conveyed and sold all his property to Scott, in trust for the benefit of the creditors of the grantor. The instrument was duly executed and acknowledged by each party. No express assent of the assignee appeared or was embraced in or at the end of or indorsed upon the deed, as required by section 1 of chapter 466 of 1877.

*Held*, that as the statute prescribed neither the form in which or the place at which the assent should appear, it was fully satisfied by the execution and acknowledgment of the deed by the parties, as they each thereby assumed obligations to the other, and became mutually bound by the terms of the instrument.

APPEAL from a judgment in favor of the plaintiff entered in Orange county upon the trial of this action by the court without a jury.

*Edward Newcomb,* for the appellant.

*Scott & Hirschberg,* for the respondent.

DYKMAN, J.:

The litigation between these parties arose in this way: William C. Lawson executed a general assignment of his property for the benefit of his creditors to the plaintiff, and thereafter the defendant, who was the sheriff of Orange county, received an execution issued against the property of Lawson upon a judgment obtained against him in the Supreme Court. Upon that execution the defendant

made a seizure of some of the property assigned to the plaintiff and he commenced this action for its specific recovery. The premature entry of the first judgment against Lawson, the issuance of the execution thereon, its subsequent withdrawal and the substitution of the second execution issued upon a second judgment are unimportant facts in the view we take of the case. The same remark is applicable to the separate assent of the plaintiff as assignee acknowledged and recorded after the execution of the deed of assignment.

The principal question involved in this action arises under section 2 of chapter 466 of the Laws of 1877. The section prescribes the rules to be observed in the making and execution and recording of assignments of property for the benefit of creditors, and closes with these words : " The assent of the assignee subscribed and acknowledged by him shall appear in writing embraced in or at the end of or indorsed upon the assignment before the same is recorded, and if separate from the assignment shall be duly acknowledged."

The assignment in question here was made in the form of an indenture between William C. Lawson, party of the first part, and David A. Scott, the plaintiff, of the second part, and the plaintiff as such assignee subscribed and acknowledged no assent except such as was contained in the instrument before the same was recorded, and the claim and insistence of the defendant now is that the assignment was incomplete and invalid for want of the assent of the assignee thereto required by the statute. Thus the question for solution is disclosed for our examination and determination. An indenture is a deed between parties by which they each assume obligations to the other, and become mutually bound by the terms of the instrument, and there is no reason why the statute in question should be construed to contain any further requirement. No form of consent is prescribed and no place for its appearance in the assignment is designated, and the statute is fully satisfied by an appearance of assent in the instrument.

In a comprehensive view the assent of this assignee appeared in writing and was embraced in the assignment, which was subscribed and acknowledged by him. Instead of the usual deed-poll of assignment in the ordinary form, with the assent of the assignee indorsed thereon separately, this instrument was given the form of an indenture between the assignor and assignee. It is the act and deed of

both parties and embraces the assent of both. It is executed and acknowledged by each and so it is assented to by both. The execution of the instrument is the assent and constitutes the acceptance of the duties imposed upon the assignee thereby and an undertaking for their discharge. The trust was created by the indenture which enumerated its purposes and specified its objects. It prescribed the obligations and dictated the duties of the assignee and terminated with the words usully employed to close an instrument *inter partes* as follows: "In witness whereof we have hereunto set our hands and seals." Thus the assignee assented to all the terms of the assignment and undertook the execution of the trust created thereby, and it would comport with a narrow and contracted view only to hold that an insufficient assent on his part. Our conclusion upon this question, therefore, is that the requirement and intention of the statute has received obedience and execution and that the assignment was a valid instrument in its original shape and form.

All the other objections raised by the defendant have been weighed and found wanting, and the judgment should be affirmed, with costs.

BARNARD, P. J., concurred.

Judgment affirmed, with costs.